IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL EDWARD SAMPSON, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 19-430 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVIDSON INVENTOR SERVICE, | ) | Magistrate Judge Lisa Pupo Lenihan |
| JOHN DELISSIO, and FNU DAVIDSON, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Plaintiff, Michael Edward Sampson ("Plaintiff" or "Sampson") filed his pro se Complaint against Defendants Davidson Inventor Service, John Delissio and FNU Davidson in the United States District Court for the Eastern District of Texas. The Texas Federal District Court transferred the case to this Court because the events complained of occurred in Pittsburgh and all Defendants are there. (ECF No. 4.)

Plaintiff seeks the return of $700.00 that he paid to Defendants for a patent search, computer aided drafting designs, and assistance with filing for a worldwide patent for a device that is "a fueless [sic] way to charge any personal electronics, charge, operate and run for free, any electric vehicle, with my invention of free electricity." (ECF No. 1 at 6.) In addition to his request for the return of his $700.00, Plaintiff seeks punitive damages "equal to sales of free electricity lost." (ECF No. 1 at 4.)

The court must liberally construe the factual allegations of Plaintiff"s Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal

quotation omitted); *Haines v. Kerner,* 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)).

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Although Plaintiff's claims do not appear to arise from an incarceration, the amendments to the PLRA codified as 28 U.S.C. § 1915 apply to non-incarcerated individuals who have been granted in forma pauperis ("IFP") status. *See Powell v. Hoover*, 956 F. Supp. 564, 566 (M.D. Pa. 1997) (holding that federal in forma pauperis statute is not limited to prisoner suits); *Floyd v. United States Postal Serv.*, 105 F.3d 274, 276 (6th Cir. 1997) (holding that non-prisoners have the option to proceed in forma pauperis), *superseded on other grounds by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999). Pursuant to 28 U.S.C. § 1915(a), Plaintiff is eligible for and has been granted leave to proceed in forma pauperis. (ECF No. 14.) Thus, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e).

Pertinent to the case at bar is the authority granted to federal courts for the sua sponte dismissal of claims in IFP proceedings. Specifically, § 1915(e), as amended, requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.*, 453 F. App'x 208, 210 (3d Cir. 2011) ("An appeal is frivolous when it

lacks an arguable basis either in law or fact.") (citing *Neitzke,* 490 U.S. at 325). Thus, under § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6)[1] if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915(d) both counsel dismissal." *Neitzke*, 490 U.S. at 328 (footnote omitted).

---

[1] In reviewing complaints under 28 U.S.C. § 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A Wright and Miller, *Federal Practice and Procedure: Civil 2d,* § 1357; *Chester Cnty. Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir. 1990)).

Here, from the face of the Complaint, the allegations present no ascertainable basis from which to calculate punitive damages for the purpose of conferring diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2]

More importantly, the Complaint includes no attachments demonstrating the existence of an agreement between Plaintiff and Defendants, such as correspondence, receipts, emails, or even a written contract. Moreover, Plaintiff includes no schematics or other details of his invention so as to make his allegations "plausible" pursuant to the requirements of *Twombly*.

Therefore, the Court will grant Plaintiff leave to amend his Complaint by **May 31, 2019**. If Plaintiff fails to amend his Complaint by **May 31, 2019,** the Court will recommend that the Complaint be dismissed **with prejudice**.

## **ORDER**

**AND NOW** this 1st day of May, 2019, it is **HEREBY ORDERED** that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B), as frivolous, and for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Complaint which shall include the matters discussed above by **May 31, 2019**. In filing an Amended Complaint, Plaintiff shall include all claims against all Defendants. Plaintiff must not refer back to his Original Complaint and any claim not included within his Amended Complaint will be deemed waived.

**IT IS FURTHER ORDERED** that if Plaintiff fails to amend his Complaint by **May 31, 2019,** the Court will recommend that the Complaint be dismissed **with prejudice**.

---

[2] Pursuant to 28 U.S.C. § 1332, the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs.

**IT IS FURTHER ORDERED** that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Civil Rule 72.C.2., the Plaintiff is allowed fourteen (14) days after the date of service of this Order to file objections to the determinations made herein, which shall specifically designate the parts of the order objected to and the basis for the objection. Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. Failure to file a timely objection shall constitute a waiver of any appellate rights.

BY THE COURT

s/Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

cc: Michael Edward Sampson
     Gregg County Jail
     101 E. Methvin Street
     Longview, Texas 75601